UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JAMES KOSTER,

        Plaintiff,

vs.

Case No. 24-CZ
Hon.

THE CITY OF KALAMAZOO,
KALAMAZOO DEPARTMENT OF PUBLIC
SAFETY, OFFICER LINDSEY DENHARDER
(12565),

        Defendants.
_____/
PATRICIA L. WORRALL (P62984)
LEVI T. SMITH (P80484)
ANTHONY PAULOVICH & WORRALL PLLC
Attorneys for Plaintiff
835 Mason Street, Suite C220
Dearborn, MI 48124
(313) 406-9722; (888) 343-1676 (fax)
trish@trishlaw.com
levi@anthonylitigation.com
_____/

***There is a pending civil action arising out of the same transaction or occurrence alleged in this Complaint pending in the United States District Court Western District of Michigan Southern Division with the Case Number 1:23-cv-718 before the Honorable Paul L. Maloney.***

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the above-named Plaintiff, ANDREW JAMES KOSTER, by and through his attorneys, ANTHONY PAULOVICH & WORRALL PLLC, by

1

PATRICIA WORRAL and LEVI SMITH, and complaining against the above-named Defendants states as follows:

### PARTIES, JURISDICTION AND VENUE

1. That Plaintiff is a resident of the County of Kalamazoo, State of Michigan.

2. That the CITY OF KALAMAZOO is a municipality corporation, which exercises its governmental authority in the County of Kalamazoo, State of Michigan.

3. That KALAMAZOO DEPARTMENT OF PUBLIC SAFETY is a municipality corporation, which exercises its governmental authority in the County of Kalamazoo, State of Michigan.

4. That for all times pertinent hereto Defendant OFFICER LINDSEY DENHARDER (12565) was a police officer for the Defendant KALAMAZOO DEPARTMENT OF PUBLIC SAFETY a Municipal Corporation which exercises its governmental authority through the Defendant CITY OF KALAMAZOO, in the County of Kalamazoo, State of Michigan on or about April 12, 2021.

5. Jurisdiction belongs to this Honorable Court pursuant to 28 U.S.C. § 1331 as pertains to federal questions posed by 42 U.S.C. § 1983 claims as brought in this instance by Plaintiff.

6. This Honorable Court maintains jurisdiction over Plaintiff's state claims pursuant to the Federal Rule of Civil Procedure 18 and 28 U.S.C. §1367 as codifies supplemental jurisdiction or, previously, pendent jurisdiction as was articulated in United Mine Workers of America v. Gibbs, 383 US 715 (1966).

7. Venue is proper in the United States District Court for the Eastern District of Michigan as the locus within which the entirety of the events complained of transpired.

8. That the amount in controversy exceeds Seventy-Five-Thousand ($75,000.00) Dollars exclusive of costs, interest and attorney fees.

## GENERAL ALLEGATIONS

9. That on or about April 12, 2021, Plaintiff, ANDREW JAMES KOSTER, was involved with a minor family issue outside of his family home in the City of Comstock, County of Kalamazoo, State of Michigan.

10. That as a result of the minor family issue between Plaintiff and Plaintiff's parents, the Defendants, KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO, were notified and responded to the scene.

11. That Plaintiff was surrounded by Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, and the CITY OF KALAMAZOO KALAMAZOO's Officers with their weapons drawn and Defendant OFFICER LINDSEY DENHARDER (12565) arrived at the scene with "K-9 Lex" a police canine that was under the control and supervision of Defendants, KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO.

12. Plaintiff was knocked to the ground and while already apprehended and restrained by multiple officers, Defendant OFFICER LINDSEY DENHARDER (12565) deployed "K-9 Lex" which proceeded to maul, maim, and viciously attack Plaintiff while plaintiff was restrained on the ground, wherein Plaintiff began bleeding profusely from his injuries.

13. That Plaintiff sustained personal injuries as a direct and proximate result of the wrongful acts of the Defendants as alleged herein.

14. That as a direct and proximate result of the wrongful acts of the Defendants as aforesaid, the Plaintiff:

    a. Sustained severe bodily injury, which was painful, disabling, and necessity of medical care, including head, neck, back, arm and finger injuries.

    b. In addition, thereto, Plaintiff sustained shock and emotional damage;

    c.    Possible aggravation of pre-existing conditions or re-aggravation of dormant conditions;

    d.    Was unable to attend to his usual affairs, render services as formerly;

    e.    Hampered said Plaintiff in the enjoyment of the normal pursuit of life as before;

    f.    Said injuries are permanent to the degree that Plaintiff suffered a loss and the ability to earn money as before and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants acts as heretofore alleged.

15. By reason of the wrongful acts of Defendant KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO, Plaintiff has sustained and will continue to sustain medical, hospital and nursing expenses.

16. By reason of the wrongful acts of Defendants, Plaintiff has sustained and will continue to sustain medical, hospital and nursing expenses.

## COUNT I - GROSS NEGLIGENCE

17. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

18. That the actions of Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF

KALAMAZOO allowed Plaintiff to be attacked by a police canine that was under defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO's custody, control, and supervision while Plaintiff was already in the custody of police and was fully apprehended lying face down on his stomach and being restrained by multiple officers constitutes gross negligence as their conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted and shows a willful disregard of precautions and measures to tend to plaintiff's safety, and demonstrate a singular disregard of substantial risks well known to Defendants in the operation and handling of a police canine and allowing said canine to viciously attack Plaintiff.

19. That the actions of Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO constitute gross negligence, willful and wanton misconduct, assault, battery, and or intentional infliction of emotional distress on Plaintiff, and as a direct and proximate cause of the acts of Defendants, Plaintiff suffered severe injuries, which resulted in pain and lingering suffering.

20. Plaintiff now seeks compensation for damages as recoverable under Michigan Law.

21.    That as a direct and proximate result of the wrongful acts of Defendants as aforesaid, that Plaintiff:

    a.    Sustained severe injuries;

    b.    In addition, thereto said Plaintiff suffered shock and emotional damage;

    c.    Possible aggravation of pre-existing conditions or re-aggravation of dormant conditions;

    d.    Was unable to attend to his usual affairs, render services as formerly;

    e.    Hampered said Plaintiff in the enjoyment of the normal pursuit of life as before;

    f.    Said injuries are permanent to the degree that Plaintiff suffered a loss and the ability to earn money as before and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants acts as of here and in before alleged.

22.    As a direct and proximate result of the actions of the Defendants in total and individually as alleged herein, Plaintiff, sustained personal injuries.

23. As a direct and proximate result of the acts of the Defendants, their agents, their servants, and/or their employees as aforesaid, the Plaintiff did incur expenses for hospitals, doctors, diagnostic tests, x-rays, machines, medical procedures, therapies, and other medical supplies and attention.

24. As a direct and proximate result of the acts alleged herein, Plaintiff became liable for various sums of money in and about securing medical supplies and attention for said injuries and Plaintiff and will be liable for any such bills.

25. Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO intentionally and without provocation or justification did do the acts described, are excluded from Government Immunity.

26. Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO intentionally and without provocation or justification did use excessive force on Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

## COUNT II
## ASSAULT AND BATTERY

27. Plaintiff incorporates each of the allegations contained herein.

28. That Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO intentionally and without provocation or justification did assault, batter and molest Plaintiff causing Plaintiff severe and debilitating injury.

29. That Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO intentionally caused Plaintiff to be attacked by a police canine that was under Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO custody, control, and supervision while Plaintiff was already in the custody of police lying face down on his stomach and was fully apprehended and restrained by multiple officers

30. The Defendants, KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO, intentionally and without provocation or justification did use excessive force on Plaintiff.

WHEREFORE Plaintiff, Andrew James Koster, demands judgment in his favor and against Defendants, KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO, in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff restates, re-alleges and incorporates by reference each and every allegation stated above, as though each had been fully stated below:

32. That Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO's conduct as described herein was extreme and outrageous, causing Plaintiff to suffer mental injuries including but not limited to emotional distress, anxiety, stress, embarrassment and humiliation.

33. That Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO's conduct as described herein was intentional, reckless caused severe emotional distress upon the Plaintiff.

34. Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO knew or should have known that their outrageous and unconscionable conduct would in fact cause severe and extreme emotional distress.

35. As a direct and proximate result of Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO's infliction of emotional distress caused, Plaintiff has suffered injury and damage including the following:

   a. Pain, suffering, depression and emotional distress;

   b. Post-traumatic stress disorder;

   c. Injuries to his reputation leading to pecuniary loss;

   d. Humiliation, mortification and embarrassment;

   e. Loss of income;

   f. Other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

36. Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO are liable to the Plaintiff for his injuries pursuant to all aforementioned duties owed to the Plaintiff as listed within this Complaint.

WHEREFORE Plaintiff, Andrew James Koster demands judgment in his favor and against Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff restates, re-alleges and incorporates by reference each and every allegation stated above, as though each had been fully stated below, and further alleges:

38. that Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO knew or should have known that Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO's extreme and outrageous acts and negligence directed toward Plaintiff would cause him severe emotional distress.

39. The actions of Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO as described herein were negligent and Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO knew or should have known that said actions would cause extreme physical illness, mental anguish and emotional distress to Plaintiff.

40. That Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO negligently inflicted physical injuries, and emotional and psychological distress upon Plaintiff.

41. As a result of the Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO's negligent infliction of emotional distress, Plaintiff has suffered damages including but not limited to the following:

    a. Mental anguish and trauma

    b. Humiliation;

    c. Embarrassment;

    d. Physical illness;

e. Nightmares;

f. Plaintiff may require medical and psychiatric care and treatment both present and future;

g. Plaintiff may incur medical and psychiatric expenses both present and future;

h. Plaintiff is unable to perform daily activities and functions;

i. Depression, pain and suffering, past and future;

j. Loss of earning capacity, past and future; and

k. Emotional distress.

WHEREFORE Plaintiff, Andrew James Koster demands judgment in his favor and against Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

## COUNT VI
## 42 U.S.C. § 1983

42. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein

43. That 42 U.S.C. § 1983 ascribes civil liability for the deprivation of any rights, privileges and immunities vouchsafed by the U.S. Constitution and all laws of the United States and the State of Michigan.

44. At times relevant to the events herein complained of, the Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO were acting under color of law and scope of the authority vested in them as public safety officers.

45. At all times material herein, Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO deprived Plaintiff of his rights, privileges and immunities vouchsafed by the Constitution of the United States, and specifically by its Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff demands judgment against Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

## COUNT VII -- FEDERAL LAW CLAIMS-ALL DEFENDANTS

46.     Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein

47.     Plaintiff sets forth claims for damages for injuries that he sustained as a result of the above misconduct as provided for under 42 USC Section 1983 against Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO for their violations of his constitutional rights as guaranteed by the 4th and 14th Amendments to the United States Constitution.

48.     Under Federal Law, Plaintiff has the right to be free of unreasonable search and seizure as well as the use of excessive and unnecessary, or deadly force against him.

49.     Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO, negligently, carelessly, maliciously and with deliberate indifference sicked a police canine on Plaintiff despite Plaintiff posing no threat of harm or danger to the Defendants because Plaintiff was already fully apprehended and completely restrained by multiple officers while Plaintiff was lying face down on his stomach.

50. Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO's improper, heinous and deadly actions were caused, acquiesced to, and or contributed to by Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, and the CITY OF KALAMAZOO's improper training, policy procedures and culture of officers using excessive force by their officers.

51. As a direct and proximate result of the wrongful acts of Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO as aforesaid, that Plaintiff:

   a. Sustained severe injuries;

   b. In addition, thereto said Plaintiff suffered shock and emotional damage;

   c. Possible aggravation of pre-existing conditions or re-aggravation of dormant conditions;

   d. Was unable to attend to his usual affairs, render services as formerly;

   e. Hampered said Plaintiff in the enjoyment of the normal pursuit of life as before; and

   f. Said injuries are permanent to the degree that Plaintiff suffered a loss and the ability to earn money as before and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants acts as of here and in before alleged.

WHEREFORE, Plaintiff demands judgment in favor of him and against Defendants KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, OFFICER LINDSEY DENHARDER, and the CITY OF KALAMAZOO in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

        Respectfully submitted,

        ANTHONY, PAULOVICH & WORRALL, PLLC

        */s/ Levi T. Smith*
        PATRICIA WORRALL (P62984)
        LEVI T. SMITH (P80484)
        Attorneys for Plaintiff
        835 Mason Street, Suite C220
        Dearborn, MI 48124
        (313) 406-9722; (888) 343-1676 (fax)
        trish@trishlaw.com
Dated: April 11, 2024   levi@anthonylitigation.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JAMES KOSTER,

        Plaintiff,　　　　　　　　Case No. 24-CZ
vs.　　　　　　　　　　　　　　　　Hon.

THE CITY OF KALAMAZOO, KALAMAZOO
DEPARTMENT OF PUBLIC SAFETY, OFFICER
LINDSEY DENHARDER (12565),

        Defendants.
_____/
PATRICIA L. WORRALL (P62984)
LEVI T. SMITH (P80484)
ANTHONY PAULOVICH & WORRALL PLLC
Attorneys for Plaintiff
835 Mason Street, Suite C220
Dearborn, MI 48124
(313) 406-9722; (888) 343-1676 (fax)
trish@trishlaw.com
levi@anthonylitigation.com
_____/

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, ANDREW JAMES KOSTER, by and through his attorneys, ANTHONY PAULOVICH & WORRALL PLLC, by PATRICIA WORRALL and LEVI SMITH, and hereby makes formal demand for a trial by jury of the facts and issues involved in this cause of action.

                          Respectfully submitted,

                          ANTHONY, PAULOVICH & WORRALL, PLLC

                          */s/ Levi T. Smith*
                          PATRICIA WORRALL (P62984)
                          LEVI T. SMITH (P80484)
                          Attorneys for Plaintiff
                          835 Mason Street, Suite C220
                          Dearborn, MI 48124
                          (313) 406-9722; (888) 343-1676 (fax)
                          trish@trishlaw.com
Dated: April 11, 2024          levi@anthonylitigation.com